IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

CHRISTY LEE GORE )
)
v. ) No. 2:17-0051
)
COMMISSIONER, SOCIAL SECURITY )
ADMINISTRATION[1] )

**To: Honorable Aleta A. Trauger, District Judge**

# REPORT AND RECOMMENDATION

On September 7, 2017, Plaintiff filed a complaint seeking judicial review of Defendant's denial of her administrative claim for Social Security benefits. (Docket No. 1). There is no indication that Plaintiff effectuated service of a summons on Defendant as required by Fed. R. Civ. P. 4. By order entered May 11, 2018, the Court instructed Plaintiff to complete service on Defendant by May 25, 2018, and to file proof of such service by June 4, 2018. (Docket No. 5). The Court warned Plaintiff that failure to do so would result in a recommendation of dismissal of her action. (*Id.*). Nevertheless, Plaintiff, who is represented by counsel, has failed to comply with this directive.

> Plaintiff is subject to the following time constraints with respect to service of a summons:
>
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

---

[1] Nancy A. Berryhill was the Acting Commissioner of Social Security beginning January 23, 2017. However, her acting status ended as a matter of law pursuant to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq*. Pursuant to Fed. R. Civ. P. 17(d), a public officer who is sued in an official capacity may be designated by official title rather than by name. Since Ms. Berryhill is no longer the Acting Commissioner, the Clerk is DIRECTED to identify Defendant by the official title rather than by name.

Fed. R. Civ. 4(m). According to the record in this case, Plaintiff has failed to complete service despite the passage of more than nine months since the filing of her complaint. Plaintiff also failed to comply with the Court's order, which both compelled service and provided notice that her claim would be dismissed if she failed to file proof of service in accordance with Fed. R. Civ. 4(l). The Court is thus obligated to dismiss Plaintiff's action without prejudice. *Reynosa v. Schultz*, 282 F. App'x 386, 393, n.5 (6th Cir. 2008).

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to effect service of a summons in violation of Rule 4(c), (i), and (l)-(m) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b) and Local Rule 72.03(b). Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b) and Local Rule 72.03(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge